1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7          SOUTHERN DISTRICT OF CALIFORNIA
8
UNITED STATES OF AMERICA,            Criminal Case No. 08mj0132-NLS
9
                    Plaintiff,
10                                        **DETENTION ORDER**
            v.                              **(After Hearing)**
11
MICHAEL DWAYNE TRYALS (8),
12     aka "Texas Mike",
       aka Michael Tryls,
13     aka Dave Brooks,
       aka Leon Howard Blair,
14     aka Earl David Hollis,
15                    Defendant.
16
        In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.),
17
a detention hearing was held to determine whether defendant MICHAEL DWAYNE TRYALS,
18
aka "Texas Mike", aka Michael Tryls, aka Dave Brooks, aka Leon Howard Blair, aka Earl David
19
Hollis ("Defendant"), should be held in custody pending trial, on the ground that Defendant is a
20
flight risk.  Assistant U.S. Attorney Andrew G. Schopler appeared on behalf of the United States;
21
Lynn Ball, Esq., appeared on behalf of Defendant.
22
        Based on the evidence proffered by the United States and Defendant, the pretrial services
23
report, and the criminal complaint, the Court concludes the following: the Government met its
24
burden by a preponderance of the evidence that no condition or combination of conditions will
25
reasonably assure the appearance of the Defendant as required.
26
//
27
//
28

## I.

## FINDINGS OF FACT

**A.    Nature and Circumstances of the Offense Charged [18 U.S.C.§ 3142(g)(1)]**

1.    Defendant is charged in a criminal complaint with conspiracy to distribute cocaine base in the form of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1).  Therefore, there exists probable cause to believe Defendant committed the charged offense.

2.    Because a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of the Defendant or the safety of the community.  18 U.S.C. § 3142(e).

3.    If convicted of this charge, Defendant faces a mandatory minimum sentence of 10 years imprisonment.  21 U.S.C. § 841(b)(1).  In addition, Defendant is eligible for an enhancement of his mandatory minimum sentence to 20 years imprisonment.

4.    Under the United States Sentencing Guidelines, even if the mandatory minimum did not apply, the Base Offense Level would likely be at least 34.  See USSG § 2D1.1.  Even assuming Defendant's criminal history score only places Defendant in Criminal History Category III, see USSG § 4A1.1, the Guidelines sentencing range for Defendant is 188-235 months in prison after trial, or 135-168 months in prison, with a -3 for acceptance of responsibility.

5.    In this case, the nature and severity of the offense favors detention.

**B.    Weight of the Evidence Against the Defendant [18 U.S.C.§ 3142(g)(2)]**

6.    The weight of the evidence against Defendant is strong in that there are numerous wire intercepts indicating that Defendant engaged in drug trafficking.

7.    Although this factor is to be given the least weight, there is probable cause to believe the Defendant committed the charged offense, which favors detention.

//

//

2

**C.    History and Characteristics of the Defendant [18 U.S.C.§ 3142(g)(3)]**

8.    Defendant was born in California in 1964 and is a citizen of the United States.

9.    Defendant has resided at 745 42nd Street in San Diego, California, for the past year, and he lived for 8 months at a prior address in San Diego County.

10.    Defendant has been employed by Just Starr Construction for about 1 year.

11.    Defendant was convicted of misdemeanor resisting a peace officer in 1982; felony possession of cannabis in 1983; felony possession of a narcotic controlled substance in 1990 (1 year in prison); felony possession of a narcotic controlled substance in 1991 (2 years in prison); felony possession of a narcotic controlled substance in 1995 (16 months in prison); felony possession of cocaine base for sale in 1998 (4 years in prison); and felony transportation of a controlled substance in 2002 (4 years in prison).  Defendant has also been arrested for kidnaping, assault with a firearm and shooting into an inhabited dwelling in 1992; and resisting a peace officer in 1996.

12.    Defendant has failed to appear for court on at least one prior occasion.

13.    On at least 3 occasions, Defendant has violated his parole or had his probation revoked.

**D.    Nature and Seriousness of Danger Posed by Release [18 U.S.C. § 3142(g)(4)]**

14.    The evidence, if any, that Defendant would pose a danger to any person or the community is as follows: Defendant is charged with a serious drug-trafficking offense; Defendant has been convicted of resisting a peace officer; Defendant has been convicted of several serious drug-trafficking offenses; and Defendant has been arrested for kidnaping, assault with a firearm, shooting into an inhabited dwelling, and resisting a peace officer.

## II.

### REASONS FOR DETENTION

15.    There is probable cause to believe that the Defendant committed the offense charged.

16.    Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint; specifically, Defendant faces a potentially substantial mandatory minimum sentence of imprisonment.  Defendant therefore has a strong motive to flee.

17.    Defendant has not rebutted the presumption that arises from the Court's finding of probable cause to believe Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings.

### III.

### ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.

//
//
//
//
//
//
//
//
//
//

4

1    While in custody, upon order of a court of the United States or upon the request of an

2    attorney for the United States, the person in charge of the correctional facility shall deliver

3    Defendant to the United States Marshal for the purpose of an appearance in connection with a court

4    proceeding or any other appearance stipulated to by counsel for the defense and for the United

5    States.

6    THIS ORDER IS ENTERED WITHOUT PREJUDICE.

7    IT IS SO ORDERED.

8    DATED:  January 29, 2008

9    _____

10   Hon. Nita L. Stormes
     U.S. Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                         5