FILED

08 JAN 30 PM 4:40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ PDL _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2007 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEE VAUGHN WALKER (1),<br>  aka "Lee Dog",<br>MELVIN ALEXANDER (2),<br>ELEODORO CASTILLO-URBINA (3),<br>  aka "Onko",<br>  aka "Uncle",<br>DAPHNE ROSALINDA JACKSON (4),<br>  aka Daphne R. Rae,<br>BERNAL ANTHONY MITCHELL (5),<br>  aka "Tony",<br>ALLEN MATTHEW BAKER JR. (6),<br>  aka "J.R.",<br>  aka Tracy Reyard Diggs,<br>  aka Marcus Johnson,<br>MICHAEL DWAYNE TRYALS (7),<br>  aka "Texas Mike",<br>  aka Michael Tryls,<br>  aka Dave Brooks,<br>  aka Leon Howard Blair,<br>  aka Earl David Hollis,<br>BOBBY SHAWN LOCKHART (8),<br>  aka "Blue",<br>ALEXANDER WEIR IV (9),<br>  aka "Brick",<br>ALEXANDER WEIR V (10),<br>  aka "Lil' Brick",<br>FELIPE MEDINA (11),<br>MELVIN ANDRE BIBBS (12),<br>MARK EDWARD RUNNELS (13),<br>  aka "Marky Mark",<br><br>Defendants. | Criminal Case No. '08 CR 0256 L<br><br>I N D I C T M E N T<br><br>Title 21, U.S.C.,<br>Secs. 841(a)(1) and 846 -<br>Conspiracy to Distribute Crack<br>Cocaine and Methamphetamine;<br>Title 21, U.S.C.,<br>Sec. 841(a)(1) - Distribution of<br>Crack Cocaine;<br>Title 21, U.S.C.,<br>Sec. 841(a)(1) - Possession with<br>Intent to Distribute Crack<br>Cocaine and Methamphetamine;<br>Title 18, U.S.C., Sec. 2 -<br>Aiding and Abetting;<br>Title 21, U.S.C., Sec. 853 -<br>Criminal Forfeiture |

AGS:nlv:San Diego
1/30/08

1    The grand jury charges:

2    **INTRODUCTORY ALLEGATIONS**

3    At all times material to this Indictment:

4    1.    Defendant ELEODORO CASTILLO-URBINA, aka "Onko", aka "Uncle",

5    supplied cocaine base in the form of crack cocaine (hereinafter

6    referred to as "crack cocaine") to defendant LEE VAUGHN WALKER,

7    aka "Lee Dog".

8    2.    Defendant ALLEN MATTHEW BAKER JR., aka "J.R.", aka Tracy

9    Reyard Diggs, aka Marcus Johnson, supplied defendant LEE VAUGHN WALKER

10    with crack cocaine.

11    3.    In addition to supplying defendant LEE VAUGHN WALKER with

12    crack cocaine, defendant ALLEN MATTHEW BAKER JR., aka "J.R.",

13    aka Tracy Reyard Diggs, aka Marcus Johnson, distributed crack cocaine.

14    4.    Defendant LEE VAUGHN WALKER distributed crack cocaine and

15    methamphetamine.

16    5.    Defendant MICHAEL DWAYNE TRYALS, aka "Texas Mike",

17    aka Michael Tryls, aka Dave Brooks, aka Leon Howard Blair, aka Earl

18    David Hollis, distributed crack cocaine.

19    6.    Defendant LEE VAUGHN WALKER and defendant MICHAEL DWAYNE

20    TRYALS shared crack cocaine sources of supply.

21    7.    Defendant MELVIN ALEXANDER distributed both crack cocaine

22    and methamphetamine for defendant LEE VAUGHN WALKER.

23    8.    Defendants DAPHNE ROSALINDA JACKSON, aka Daphne R. Rae,

24    BERNAL ANTHONY MITCHELL, aka "Tony", BOBBY SHAWN LOCKHART, aka "Blue",

25    and MARK EDWARD RUNNELS, aka "Marky Mark", worked for defendant LEE

26    VAUGHN WALKER out of LEE VAUGHN WALKER's residence located at

27    4881 Rolando Ct., Apt. 69, San Diego, California ("WALKER's

28    apartment").

1    9.    Specifically, defendants DAPHNE ROSALINDA JACKSON, BERNAL

2  ANTHONY MITCHELL, BOBBY SHAWN LOCKHART and MARK EDWARD RUNNELS worked

3  for defendant LEE VAUGHN WALKER receiving, distributing and storing

4  crack cocaine and methamphetamine, and collecting drug proceeds.

5    10.   Defendants ALEXANDER WEIR IV, aka "Brick", ALEXANDER WEIR V,

6  aka "Lil' Brick", and MELVIN ANDRE BIBBS distributed crack cocaine for

7  defendant LEE VAUGHN WALKER.    Defendant ALEXANDER WEIR IV,

8  aka "Brick", also distributed methamphetamine for defendant LEE VAUGHN

9  WALKER.

10    11.   Defendant FELIPE MEDINA worked as a courier, transporting

11  crack cocaine for one of defendant LEE VAUGHN WALKER's suppliers.

12                            **Count 1**

13   **(Conspiracy to Distribute Crack Cocaine, 21 U.S.C. §§ 841, 846)**

14    12.   Paragraphs 1 through 7 are realleged and incorporated by

15  reference herein.

16    13.   Beginning on a date unknown and continuing up to and

17  including January 16, 2008, within the Southern District of

18  California, defendants LEE VAUGHN WALKER, aka "Lee Dog", MELVIN

19  ALEXANDER, ELEODORO CASTILLO-URBINA, aka "Onko", aka "Uncle", DAPHNE

20  ROSALINDA JACKSON, aka Daphne R. Rae, BERNAL ANTHONY MITCHELL,

21  aka "Tony", ALLEN MATTHEW BAKER JR., aka "J.R.", aka Tracy Reyard

22  Diggs, aka Marcus Johnson, MICHAEL DWAYNE TRYALS, aka "Texas Mike",

23  aka Michael Tryls, aka Dave Brooks, aka Leon Howard Blair, aka Earl

24  David Hollis, BOBBY SHAWN LOCKHART, aka "Blue", ALEXANDER WEIR IV,

25  aka "Brick", ALEXANDER WEIR V, aka "Lil' Brick", FELIPE MEDINA, MELVIN

26  ANDRE BIBBS, and MARK EDWARD RUNNELS, aka "Marky Mark", knowingly and

27  intentionally conspired with each other and others known and unknown

28  to the grand jury to distribute 50 grams and more of a mixture and

3

1 | substance containing cocaine base in the form of crack cocaine, a

2 | Schedule II Controlled Substance; in violation of Title 21, United

3 | States Code, Section 841(a)(1).

4 | <center>OVERT ACTS</center>

5 | 14. To further the above conspiracy and accomplish its objects,

6 | the following overt acts, among others, were committed within the

7 | Southern District of California:

8 | <center>October 6-7, 2007</center>

9 | <center>(WALKER, BAKER and WEIR IV)</center>

10 | 15. On or about October 6, 2007, defendant ALLEN MATTHEW

11 | BAKER JR. and defendant LEE VAUGHN WALKER negotiated by telephone for

12 | the sale of 9 ounces of crack cocaine. Defendant ALLEN MATTHEW

13 | BAKER JR. told defendant LEE VAUGHN WALKER that he wanted to be paid

14 | $4,500 for 9 ounces of crack cocaine ($500 per ounce), stating,

15 | "forty-five, homie, cause that's five-hundred a piece." Defendant LEE

16 | VAUGHN WALKER then counter-offered, "I give you forty-two, but this

17 | is gonna be a consistent thing with me. It's gonna be bigger and

18 | better."

19 | 16. On or about October 7, 2007, defendant ALEXANDER WEIR IV and

20 | defendant LEE VAUGHN WALKER discussed, by telephone, the quality of

21 | the 9 ounces of crack cocaine that defendant LEE VAUGHN WALKER had

22 | recently obtained, with defendant LEE VAUGHN WALKER stating, "Ain't

23 | no good, homie. Ain't no good. I, I cooked that s---, ain't no

24 | good." Defendant ALEXANDER WEIR IV agreed, saying, "I looked at it

25 | and could tell. It was too, it was too, it was too cut up. How many

26 | of 'em you get?" Defendant LEE VAUGHN WALKER replied, "Nine. . . .

27 | I'm gettin' my money back, though. I'm callin' [the person]. I'm on

28 | him. I'm gettin' my money back."

<center>4</center>

1      17.  On or about October 7, 2007, defendant ALLEN MATTHEW

2 BAKER JR. telephoned defendant LEE VAUGHN WALKER to assure him that

3 he would exchange the crack cocaine or refund his money, and said,

4 "I'm on my way over to the Ese's [Mexican suppliers] . . . . I'm gonna

5 get them uh, the one's that uncooked and then I just have to take care

6 of that other s---.   He gonna just trade it or get somethin' else,"

7 and defendant ALLEN MATTHEW BAKER JR. also guaranteed, "You don't have

8 to worry about nothin'.   I got your bread anyway.   I told you, I

9 bought it, so I had yo' money anyway."

10                      <u>October 13, 2007</u>

11                 (WALKER and RUNNELS)

12      18.  On or about October 13, 2007, defendant LEE VAUGHN WALKER

13 took an order for crack cocaine over the telephone from a woman

14 ("G.V."), who said she wanted to "get that same piece, the chicken

15 meal."  Defendant LEE VAUGHN WALKER then gave her directions to his

16 apartment.

17      19.  On or about October 13, 2007, defendant LEE VAUGHN WALKER

18 directed defendant MARK EDWARD RUNNELS to deliver narcotics to G.V.,

19 who had arrived in the parking lot outside WALKER's apartment.  When

20 G.V. telephoned defendant LEE VAUGHN WALKER to say that she had

21 arrived, defendant LEE VAUGHN WALKER told her that he was sending

22 someone out to her, and described him as a big guy, with a gray shirt

23 and bald head.

24      20.  On or about October 13, 2007, defendant MARK EDWARD RUNNELS

25 (who was then approximately 6 feet, 1 inch tall and 250 pounds, with

26 a bald head), walked out of WALKER's apartment and returned in about

27 one minute.

28 //

1

<u>October 23, 2007</u>

2

(WALKER, JACKSON and BIBBS)

3    21.  On or about October 23, 2007, defendant MELVIN ANDRE BIBBS,

4  who was at WALKER's apartment with defendants DAPHNE ROSALINDA JACKSON

5  and BOBBY SHAWN LOCKHART, telephoned defendant LEE VAUGHN WALKER in

6  order to purchase half an ounce of crack cocaine.  Defendant MELVIN

7  ANDRE BIBBS asked, "Can I get that for three o'clock [$300]?  Is that

8  okay?"  And defendant LEE VAUGHN WALKER replied, "Yes."

9    22.  On or about October 23, 2007, defendant DAPHNE ROSALINDA

10  JACKSON confirmed by telephone with defendant LEE VAUGHN WALKER that

11  she would sell $300 worth of crack cocaine to defendant MELVIN ANDRE

12  BIBBS.  Defendant DAPHNE ROSALINDA JACKSON told defendant LEE VAUGHN

13  WALKER, "I'm gon' give this to him for three."

14

<u>October 27, 2007</u>

15

(WALKER and CASTILLO-URBINA)

16    23.  On or about October 27, 2007, defendant LEE VAUGHN WALKER

17  met with a confidential source ("CS") inside WALKER's apartment for

18  the purpose of selling crack cocaine to the CS.

19    24.  On or about October 27, 2007, defendant LEE VAUGHN WALKER

20  opened the front door of his apartment, reached into some bushes

21  located directly outside the front door, and obtained a brown paper

22  bag, which he brought back into the apartment.

23    25.  On or about October 27, 2007, defendant LEE VAUGHN WALKER

24  took crack cocaine out of the brown paper bag, weighed out

25  approximately two ounces and provided the crack cocaine to the CS.

26  Defendant LEE VAUGHN WALKER then received an $1,800 payment from the

27  CS, who stated that he wanted to buy three ounces of crack cocaine.

28  //

26.  On or about October 27, 2007, defendant LEE VAUGHN WALKER told the CS that he did not have the additional ounce at the moment, but then defendant LEE VAUGHN WALKER telephoned defendant ELEODORO CASTILLO-URBINA to obtain more crack cocaine.

27.  On or about October 27, 2007, defendant ELEODORO CASTILLO-URBINA informed defendant LEE VAUGHN WALKER by telephone, that he would deliver the crack cocaine to WALKER's apartment, but that he needed some time to prepare it, saying, "Hey, can you wait thirty minutes?   I'm cooking right now."   Defendant LEE VAUGHN WALKER replied, "Hurry, hurry."

28.  On or about October 27, 2007, after the aforementioned telephone call ended, defendant LEE VAUGHN WALKER told the CS that the CS would have to wait for the additional ounce.

29.  On or about October 27, 2007, defendant ELEODORO CASTILLO-URBINA, aka "Onko", aka "Uncle", telephoned WALKER's apartment to inform them that he would soon be arriving with the crack cocaine, telling defendant MARK EDWARD RUNNELS, who answered the telephone, "I'm on my way" and that it was "Onko [Uncle]."

30.  On or about October 27, 2007, defendant LEE VAUGHN WALKER walked up to the CS, who was standing outside WALKER's apartment, and handed the CS the third "ounce" of crack cocaine.

                    October 29, 2007

                 (WALKER and WEIR V)

31.  On or about October 29, 2007, defendant ALEXANDER WEIR V telephoned defendant LEE VAUGHN WALKER in order to purchase crack cocaine at WALKER's apartment, asking, "[C]an I come through?"

32.  On or about October 29, 2007, defendant LEE VAUGHN WALKER told defendant ALEXANDER WEIR V, by telephone, that he only had a few

                          7

1  quarter-ounce quantities of crack cocaine at his apartment, and that

2  he was selling the crack cocaine for $170 per quarter-ounce, saying,

3  "The only thing I got is some um, Q-tips [quarter-ounces]. . . .

4  Q-tips, quarter pound cheeseburgers [quarter-ounces]. . . . Dollar

5  seventy [$170]."

6      33.  On or about October 29, 2007, defendant LEE VAUGHN WALKER

7  directed defendant ALEXANDER WEIR V to go to WALKER's apartment, where

8  he would be able to obtain the crack cocaine from defendant BERNAL

9  ANTHONY MITCHELL.   Defendant LEE VAUGHN WALKER told defendant

10  ALEXANDER WEIR V, by telephone, "My partner there . . . Call me when

11  you get there and tell Tony to call me."

12                         November 4, 2007

13                   (WALKER, ALEXANDER and TRYALS)

14      34.  On or about November 4, 2007, defendant MICHAEL DWAYNE

15  TRYALS, who was with defendant MELVIN ALEXANDER, telephoned defendant

16  LEE VAUGHN WALKER to order crack cocaine, saying, "I'm over there, he

17  [defendant MELVIN ALEXANDER] ain't got what I, what I need."

18  Defendant LEE VAUGHN WALKER asked, "'Tina?" (meaning "Christina" or

19  crystal methamphetamine), and defendant MICHAEL DWAYNE TRYALS replied,

20  "No, what I always get."

21      35.  On or about November 4, 2007, defendant LEE VAUGHN WALKER

22  confirmed by telephone that defendant MELVIN ALEXANDER did not have

23  enough crack cocaine to meet the needs of defendant MICHAEL DWAYNE

24  TRYALS, asking, "You ain't got that for him?"   Defendant MELVIN

25  ALEXANDER said that he was almost ready, but that "[a]ll I had was um,

26  was um, was a ball.  Baseball ["8-ball" or eighth of an ounce]."

27      36.  On or about November 4, 2007, defendant LEE VAUGHN WALKER

28  told defendant MICHAEL DWAYNE TRYALS, by telephone, that he would

1  obtain the crack cocaine for him, leave it with defendant DAPHNE

2  ROSALINDA JACKSON, and then call him when it was ready, saying, "I'm

3  gonna have the boy bring it.  When he does, I'm gonna leave it here

4  with Daph [defendant DAPHNE ROSALINDA JACKSON] and she'll call you,

5  I'll call you when she gots it."

6                        <u>November 9, 2007</u>

7                    (WALKER, MITCHELL and TRYALS)

8       37.  On or about November 9, 2007, defendant LEE VAUGHN WALKER

9  telephoned defendant MICHAEL DWAYNE TRYALS to inform him that he would

10 give him two ounces of cocaine base, saying, "I'm just gon' give you

11 two of mine.  You can give 'em back to me tomorrow."

12      38.  On or about November 9, 2007, defendant LEE VAUGHN WALKER

13 instructed defendant MICHAEL DWAYNE TRYALS, by telephone, to go to

14 WALKER's apartment and hand the phone to defendant BERNAL ANTHONY

15 MITCHELL or defendant DAPHNE ROSALINDA JACKSON.

16      39.  On or about November 9, 2007, defendant BERNAL ANTHONY

17 MITCHELL telephoned defendant LEE VAUGHN WALKER to get instructions

18 about the delivery of two ounces of crack cocaine to defendant MICHAEL

19 DWAYNE TRYALS, asking, "Yeah, what you want me to do with that?"

20      40.  On or about November 9, 2007, defendant LEE VAUGHN WALKER

21 told defendant BERNAL ANTHONY MITCHELL, by telephone, to give two

22 ounces of crack cocaine to defendant MICHAEL DWAYNE TRYALS, asking

23 defendant BERNAL ANTHONY MITCHELL, "You give him two?"  Defendant

24 BERNAL ANTHONY MITCHELL, responded by asking, "Give who two?"  When

25 defendant LEE VAUGHN WALKER said, "Mike. Texas.", defendant BERNAL

26 ANTHONY MITCHELL responded, "No, this is . . . this . . . okay, he's

27 here.  Alright, I didn't know.  Here you go, Mike."

28 //

                              9

<u>November 10, 2007</u>

(WALKER and MEDINA)

41.  On or about November 10, 2007, defendant LEE VAUGHN WALKER ordered four ounces of crack cocaine, by telephone, from a drug supplier, saying, "Cuatro, amigo" [Spanish for "four, friend"].

42.  On or about November 10, 2007, defendant FELIPE MEDINA, who was later arrested, drove away from his residence and toward WALKER's apartment in a black Honda Accord, which had concealed within it approximately 4.2 ounces of crack cocaine, including approximately 23.88 grams (0.84 ounces) crack cocaine on defendant FELIPE MEDINA's person and approximately 95.80 grams (3.38 ounces) of crack cocaine in a hidden compartment in the vehicle.

All in violation of Title 21, United States Code, Section 846.

<u>Count 2</u>

**(Conspiracy to Distribute Methamphetamine, 21 U.S.C. §§ 841, 846)**

43.  Paragraphs 1 through 2 and paragraphs 4 through 6 are realleged and incorporated by reference herein.

44.  Beginning on a date unknown and continuing up to and including January 16, 2008, within the Southern District of California, defendants LEE VAUGHN WALKER, aka "Lee Dog", MELVIN ALEXANDER, DAPHNE ROSALINDA JACKSON, aka Daphne R. Rae, BERNAL ANTHONY MITCHELL, aka "Tony", BOBBY SHAWN LOCKHART, aka "Blue", ALEXANDER WEIR IV, aka "Brick", and MARK EDWARD RUNNELS, aka "Marky Mark", knowingly and intentionally conspired with each other and others known and unknown to the grand jury to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

1                                OVERT ACTS

2        45.   To further the above conspiracy and accomplish its objects,

3   the following overt acts, among others, were committed within the

4   Southern District of California:

5                            September 26, 2007

6                          (WALKER and JACKSON)

7        46.  On or about September 26, 2007, defendant LEE VAUGHN WALKER

8   told defendant DAPHNE ROSALINDA JACKSON, by telephone, that "the white

9   boy Bobby's out there in a convertible Porsche" and told her to

10  "[g]ive him um, you know um, you know that girl Christina [crystal

11  methamphetamine]" for "fifty cent [$50]."

12       47.  On or about September 26, 2007, defendant DAPHNE ROSALINDA

13  JACKSON walked out of WALKER's apartment and met a white male, who was

14  waiting outside the apartment complex in a convertible Porsche.

15                           September 29, 2007

16                        (WALKER and LOCKHART)

17       48.  On or about September 29, 2007, defendant LEE VAUGHN WALKER

18  received an order from a white female named "Shay," over the

19  telephone, for "two of those that I got of the Christina [crystal

20  methamphetamine]."

21       49.  On or about September 29, 2007, defendant LEE VAUGHN WALKER

22  instructed defendant BOBBY SHAWN LOCKHART, by telephone, that "[y]ou

23  got $300 coming by the white broad, she wants to shoot two games of

24  pool [two "8-balls" or eighths-of-an-ounce] with you for $300."

25       50.  On or about September 29, 2007, defendant BOBBY SHAWN

26  LOCKHART agreed to prepare the methamphetamine, telling defendant LEE

27  VAUGHN WALKER, by telephone, "Let me go make it."

28  //

                                    11

<u>October 22, 2007</u>

(WALKER and WEIR IV)

51.  On or about October 22, 2007, defendant ALEXANDER WEIR IV requested methamphetamine pricing information, by telephone, from defendant LEE VAUGHN WALKER, asking, "How much do I charge for half a 'tainer ["teener" or sixteenth-of-an-ounce] of potato salad?" and later clarifying, "Half a 'tainer, man, half a 'tainer, half a 'tainer of Christina [crystal methamphetamine]."

52.  On or about October 22, 2007, defendant LEE VAUGHN WALKER directed defendant ALEXANDER WEIR IV, by telephone, to charge $90 for a "teener," or one-sixteenth of an ounce, of methamphetamine.  When defendant ALEXANDER WEIR IV asked, "One point seven five is what? Half a 'tainer. . .", defendant LEE VAUGHN WALKER stated, "That's a whole teener."  Defendant LEE VAUGHN WALKER directed defendant ALEXANDER WEIR IV to charge "[n]inety bucks."

<u>November 2, 2007</u>

(WALKER and ALEXANDER)

53.  On or about November 2, 2007, defendant LEE VAUGHN WALKER took an order for methamphetamine by telephone from Shay, who asked if she could come over to talk with "Christina [crystal methamphetamine]," and defendant LEE VAUGHN WALKER told her to come to his apartment.

54.  On or about November 2, 2007, defendant LEE VAUGHN WALKER telephoned defendant MELVIN ALEXANDER, in order to obtain one "8-ball" (one-eighth of an ounce) of methamphetamine for Shay, telling him, "Bowling balls ["8-balls"]."  When defendant MELVIN ALEXANDER replied, "What you want?  Two?", defendant LEE VAUGHN WALKER said, "No, one" and added that it was for "my friend Shay.  This lady I came with."

12

1    55.   On or about November 2, 2007, defendant MELVIN ALEXANDER and
2  defendant LEE VAUGHN WALKER confirmed by telephone the location of the
3  sale of methamphetamine and how defendant MELVIN ALEXANDER would
4  identify the buyer, with defendant MELVIN ALEXANDER saying that he
5  would walk outside his apartment located at 6225 Stanley Ave., Apt. 1,
6  San Diego, California ("ALEXANDER's apartment") to wait for Shay
7  there, and defendant LEE VAUGHN WALKER saying that Shay would be
8  driving a gold, four-door Lexus.

9    56.   On or about November 2, 2007, defendant MELVIN ALEXANDER
10  walked outside his apartment and, within minutes, met a white female
11  who was driving a gold, four-door Lexus.

12  All in violation of Title 21, United States Code, Section 846.

13                            **Count 3**

14          **(Distribution of Crack Cocaine, 21 U.S.C. § 841)**

15    57.   On or about May 9, 2007, within the Southern District of
16  California, defendant LEE VAUGHN WALKER, aka "Lee Dog", knowingly and
17  intentionally distributed 50 grams and more, to wit: approximately
18  71.8 grams of a mixture and substance containing a detectable amount
19  of cocaine base in the form of crack cocaine, a Schedule II Controlled
20  Substance; in violation of Title 21, United States Code,
21  Section 841(a)(1), and Title 18, United States Code, Section 2.

22                            **Count 4**

23          **(Distribution of Crack Cocaine, 21 U.S.C. § 841)**

24    58.   On or about May 23, 2007, within the Southern District of
25  California, defendant LEE VAUGHN WALKER, aka "Lee Dog", knowingly and
26  intentionally distributed 50 grams and more, to wit: approximately
27  71.2 grams of a mixture and substance containing a detectable amount
28  of cocaine base in the form of crack cocaine, a Schedule II Controlled

1  Substance; in violation of Title 21, United States Code,
2  Section 841(a)(1), and Title 18, United States Code, Section 2.

3                              **Count 5**

4              **(Distribution of Crack Cocaine, 21 U.S.C. § 841)**

5          59.  On or about June 14, 2007, within the Southern District of
6  California, defendant LEE VAUGHN WALKER, aka "Lee Dog", knowingly and
7  intentionally distributed 5 grams and more, to wit: approximately
8  45.9 grams of a mixture and substance containing a detectable amount
9  of cocaine base in the form of crack cocaine, a Schedule II Controlled
10 Substance; in violation of Title 21, United States Code,
11 Section 841(a)(1).

12                             **Count 6**

13             **(Distribution of Crack Cocaine, 21 U.S.C. § 841)**

14         60.  On or about July 17, 2007, within the Southern District of
15 California, defendant LEE VAUGHN WALKER, aka "Lee Dog", knowingly and
16 intentionally distributed 5 grams and more, to wit: approximately
17 10.8 grams of a mixture and substance containing a detectable amount
18 of cocaine base in the form of crack cocaine, a Schedule II Controlled
19 Substance; in violation of Title 21, United States Code,
20 Section 841(a)(1).

21                             **Count 7**

22             **(Distribution of Crack Cocaine, 21 U.S.C. § 841)**

23         61.  On or about October 27, 2007, within the Southern District
24 of California, defendant LEE VAUGHN WALKER, aka "Lee Dog", knowingly
25 and intentionally distributed 50 grams and more, to wit: approximately
26 69 grams of a mixture and substance containing a detectable amount of
27 cocaine base in the form of crack cocaine, a Schedule II Controlled
28 //

                                  14

1  Substance; in violation of Title 21, United States Code,
2  Section 841(a)(1).

3                              **Count 8**

4      **(Possession with Intent to Distribute Crack, 21 U.S.C. § 841)**

5      62.  On or about November 10, 2007, within the Southern District
6  of California, defendants LEE VAUGHN WALKER, aka "Lee Dog", and FELIPE
7  MEDINA knowingly and intentionally possessed with intent to distribute
8  50 grams and more, to wit: approximately 119.68 grams of a mixture and
9  substance containing a detectable amount of cocaine base in the form
10 of crack cocaine, a Schedule II Controlled Substance; in violation of
11 Title 21, United States Code, Section 841(a)(1), and Title 18, United
12 States Code, Section 2.

13                             **Count 9**

14        **(Distribution of Crack Cocaine, 21 U.S.C. § 841)**

15     63.  On or about November 19, 2007, within the Southern District
16 of California, defendant LEE VAUGHN WALKER, aka "Lee Dog", knowingly
17 and intentionally distributed 5 grams and more, to wit: approximately
18 5.91 grams of a mixture and substance containing a detectable amount
19 of cocaine base in the form of crack cocaine, a Schedule II Controlled
20 Substance; in violation of Title 21, United States Code,
21 Section 841(a)(1), and Title 18, United States Code, Section 2.

22                             **Count 10**

23      **(Possession with Intent to Distribute Crack Cocaine
                and Methamphetamine, 21 U.S.C. § 841)**
24

25     64.  On or about January 16, 2008, within the Southern District
26 of California, defendant MELVIN ANDRE BIBBS knowingly and
27 intentionally possessed with intent to distribute approximately
28 2 grams of a mixture and substance containing a detectable amount of

1  cocaine base in the form of crack cocaine and 6 grams of a mixture and
2  substance containing a detectable amount of methamphetamine, both
3  Schedule II Controlled Substances; in violation of Title 21, United
4  States Code, Section 841(a)(1), and Title 18, United States Code,
5  Section 2.

<div align="center">**FORFEITURE ALLEGATIONS**</div>

7      65.  The allegations contained paragraphs 1 through 60 of
8  Counts 1 through 10 are realleged and by this reference fully
9  incorporated herein for the purpose of alleging forfeiture to the
10 United States of America pursuant to the provisions of Title 21,
11 United States Code, Section 853.

12     66.  As a result of the commission of the felony offenses alleged
13 in Counts 1 through 10 of this indictment, said violations being
14 punishable by imprisonment for more than one year and pursuant to
15 Title 21, United States Code, Section 853(a)(1), defendants LEE VAUGHN
16 WALKER, aka "Lee Dog", MELVIN ALEXANDER, ELEODORO CASTILLO-URBINA,
17 aka "Onko", aka "Uncle", DAPHNE ROSALINDA JACKSON, aka Daphne R. Rae,
18 BERNAL ANTHONY MITCHELL, aka "Tony", ALLEN MATTHEW BAKER JR.,
19 aka "J.R.", aka Tracy Reyard Diggs, aka Marcus Johnson, MICHAEL DWAYNE
20 TRYALS, aka "Texas Mike", aka Michael Tryls, aka Dave Brooks, aka Leon
21 Howard Blair, aka Earl David Hollis, BOBBY SHAWN LOCKHART, aka "Blue",
22 ALEXANDER WEIR IV, aka "Brick", ALEXANDER WEIR V, aka "Lil' Brick",
23 FELIPE MEDINA, MELVIN ANDRE BIBBS, and MARK EDWARD RUNNELS, aka "Marky
24 Mark", shall, upon conviction, forfeit to the United States all
25 rights, title and interest in any and all property constituting, or
26 derived from, any proceeds the Defendant obtained, directly or
27 indirectly, as the result of the offenses, including but not limited
28 to:

<div align="center">16</div>

1        a.   a sum of money equal to $20,000 in United States
2   currency, representing the amount of proceeds obtained as the result
3   of the conspiracy to distribute cocaine base in the form of crack
4   cocaine as described in Count 1, for which the defendants charged in
5   Count 1 are jointly and severally liable;

6        b.   a sum of money equal to $30,000 in United States
7   currency, representing the amount of proceeds obtained as the result
8   of the conspiracy to distribute methamphetamine as described in
9   Count 2, for which the defendants charged in Count 2 are jointly and
10  severally liable;

11       c.   approximately $626 in U.S. currency seized on
12  January 16, 2008 from 7410 Cuvier St., Unit 4, La Jolla, California
13  (a residence of defendant LEE VAUGHN WALKER, aka "Lee Dog");

14       d.   approximately $718 in U.S. currency seized on
15  January 16, 2008 from 6225 Stanley Ave., Apt. 1, San Diego, California
16  (a residence of defendant MELVIN ALEXANDER);

17       e.   approximately $2,136 in U.S. currency seized on
18  January 16, 2008 from 4770 Home Ave. Apt. 301, San Diego, California
19  (a residence of defendant ELEODORO CASTILLO-URBINA, aka "Onko",
20  aka "Uncle");

21       f.   approximately $1,360 in U.S. currency seized on
22  January 16, 2008 from 4147 43rd St., Apt. A, San Diego, California (a
23  residence of defendant MICHAEL DWAYNE TRYALS, aka "Texas Mike",
24  aka Michael Tryls, aka Dave Brooks, aka Leon Howard Blair, aka Earl
25  David Hollis);

26       g.   approximately $1,955 in U.S. currency seized on
27  January 16, 2008 from 745 42nd St., San Diego, California (a residence
28  of defendant ALEXANDER WEIR IV, aka "Brick"); and

1        h.    approximately $500 in U.S. currency seized on

2   January 16, 2008 from 4068 44th St., Apt. 104, San Diego, California

3   (a residence of defendant MELVIN ANDRE BIBBS).

4        67.    As a result of the commission of the felony offenses alleged

5   in Counts 1 through 10 of this indictment, said violations being

6   punishable by imprisonment for more than one year and pursuant to

7   Title 21, United States Code, Section 853(a)(2), defendants LEE VAUGHN

8   WALKER, aka "Lee Dog", MELVIN ALEXANDER, ELEODORO CASTILLO-URBINA,

9   aka "Onko", aka "Uncle", DAPHNE ROSALINDA JACKSON, aka Daphne R. Rae,

10  BERNAL ANTHONY MITCHELL, aka "Tony", ALLEN MATTHEW BAKER JR.,

11  aka "J.R.", aka Tracy Reyard Diggs, aka Marcus Johnson, MICHAEL DWAYNE

12  TRYALS, aka "Texas Mike", aka Michael Tryls, aka Dave Brooks, aka Leon

13  Howard Blair, aka Earl David Hollis, BOBBY SHAWN LOCKHART, aka "Blue",

14  ALEXANDER WEIR IV, aka "Brick", ALEXANDER WEIR V, aka "Lil' Brick",

15  FELIPE MEDINA, MELVIN ANDRE BIBBS, and MARK EDWARD RUNNELS, aka "Marky

16  Mark", shall, upon conviction, forfeit to the United States all

17  rights, title and interest in any and all property used or intended

18  to be used in any manner or part to commit and to facilitate the

19  commission of the violations alleged in this indictment, including but

20  not limited to:

21        a.    a 1998 Chevy Tahoe V8, registered to Virginia Rebecca

22  Hughes, bearing California license plate number 3XSH296 and

23  VIN 1GNEK13R3WJ333366 (a vehicle driven by defendant LEE VAUGHN

24  WALKER, aka "Lee Dog");

25        b.    a 2004 Nissan Armada V8, registered to Ricardo Napoles,

26  bearing California license plate number 5LDP491 and

27  VIN 5N1AA08A34N746851 (a vehicle driven by defendant ELEODORO

28  CASTILLO-URBINA, aka "Onko", aka "Uncle");

1          c.   a 2005 Cadillac CTS Sedan V6, registered to Pedria D.
2  Tatumstarks and defendant ALEXANDER WEIR IV, aka "Brick", bearing
3  California license plate number 6AIM935 and VIN 1G6DP567450188336 (a
4  vehicle driven by defendant ALEXANDER WEIR IV, aka "Brick");
5          d.   a 1998 Cadillac Deville D'Elegance, registered to
6  Tonica Weir, bearing California license plate number 4YGR821 and
7  VIN 1G6KE54Y7WU782339 (a vehicle driven by defendant ALEXANDER WEIR V,
8  aka "Lil' Brick"); and
9          e.   a 2000 Honda Accord 4DR, registered to Hermelindo
10 Medina, bearing California license plate number 6AMM960 and
11 VIN 3HGCG6657YG702226 (a vehicle driven by defendant FELIPE MEDINA).
12     68.  If any of the above-described forfeitable property, as a
13 result of any act or omission of the defendant
14          a.   cannot be located upon the exercise of due diligence;
15          b.   has been transferred or sold to, or deposited with, a
16 third party;
17          c.   has been placed beyond the jurisdiction of the Court;
18          d.   has been substantially diminished in value; or
19          e.   has been commingled with other property which cannot
20 be subdivided without difficulty;
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

19

1 | it is the intent of the United States, pursuant to Title 21, United

2 | States Code, Section 853(p), to seek forfeiture of any other property

3 | of the defendant up to the value of the said property listed above as

4 | being subject to forfeiture.

5 | All in violation of Title 21, United States Code, Section 853.

6 |         DATED: January 30, 2008.

7 |                                               A TRUE BILL:

8 |

9 |                                               _____
                                                  Foreperson

10 |

11 | KAREN P. HEWITT
     United States Attorney

12 |

13 | By: _____
         ANDREW G. SCHOPLER

14 |      Assistant U.S. Attorneys

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |