LYNN H. BALL, ESQ.
Bar No. 056497
1560 Scott Street
San Diego, CA 92106-2333
(619) 225-1914
(619) 225-1720 - Fax

Attorney for Defendant Michael Dwayne Tryals

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL DWAYNE TRYALS, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 08-CR-0256-L <br><br> **POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY; MOTION FOR PERMISSION TO FILE ADDITIONAL MOTIONS** <br><br> Date: March 10, 2008 <br> Time: 2:00 p.m. <br> Department: Judge Lorenz |

STATEMENT OF FACTS

Defendant Tryals is accused of Conspiracy with others to Distribute Cocaine Base. The Information supporting the Indictment was gained through wire taps and at least one additional Motion date will be required.

I. MOTION FOR DISCOVERY

Mr. Tryals moves for production by the government of:

1. Copies of any written or recorded statements he made; the substance of any statements made by him which the government intends to offer in evidence at trial; defendant's prior record, if it has not already been provided in its entirety; any books, papers, documents, photographs, tangible objects, or copies or portions thereof which the government intends to use as evidence-

in-chief at trial; all notes of the arresting agents. Mr. Tryals also specifically requests that all arrest reports which relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Tryals are contained. This also includes the substance of any oral statements which the government intends to introduce at trial and any written summaries of defendant's statements, summaries of the defendant's oral statements contained in the handwritten notes of the government agent. This is all discoverable under *Federal Rule of Criminal Procedure* Section 16(A)(1)(a) and *Brady v. Maryland*, 373 U.S. 83 (1963).

Mr. Tryals also requests any response to any *Miranda* warnings which may have been given to him on the day of his arrest. See *United States v. McElroy*, 697 F. 2nd 459 (2nd Cir. 1982).

2. All documents, statements, agents reports, and tangible evidence favorable to Mr. Tryals the issue of guilt and/or which affect the credibility of the government's case. This evidence must be produced pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Agurs*, 427 U.S. 97 (1976).

3. All evidence, documents, records of judgments, convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions for prior bad acts. Evidence of prior record is available under *Federal Rule of Criminal Procedure* 16(A)(1)(b); evidence of prior similar actions discoverable under *Federal Rule of Criminal Procedure* 16(A)(1)(c) and *Federal Evidence Code* Section 404(b) and 609;

Mr. Tryals also requests the government to be ordered to provide discovery of any prior similar acts which the government intends to introduce into evidence pursuant to *Federal Rule of Evidence* 404(b). Mr. Tryals must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. See *United States v. Cook*, 609 F. 2nd 1174 (9th Cir. 1985).

/ / /

1  Mr. Tryals requests a pretrial conference on the morning of trial in order to resolve any issues raised by the government's intention of introducing evidence pursuant to *Federal Rule of Evidence* Sections 404 and 609.

4. All evidence seized as a result of any search, either warrantless or with warrant, in this case. This is available under *Federal Rule of Criminal Procedure* 16(A)(1)(c).

5. All arrest reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to Mr.Tryals, including any photo spread shown to witnesses. These are available under *Federal Rule of Criminal Procedure* 16(A)(1)(b) and (c), *Federal Rule of Criminal Procedure* 26.2 and 12(i).

6. All of the documents and tangible objects, including photographs, books, papers, documents, videotapes, or buildings or places or copies of portions thereof which are material to Mr.Tryal's defense or intended to be used in the government's case-in-chief or were obtained from or belonged to Mr. Tryals..

7. The personnel file of the interviewing agents containing any complaints of assaults, abuse of discretion and authority and/or false arrests.

8. Any evidence that any prospective government witness is biased or prejudiced against the defendant, has a motive to falsify or distort his or her testimony. See *Pennsylvania v. Richie*, 480 U.S. 39 (1987).

9. Any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction. See Rule 608(b) *Federal Rules of Evidence* and *Brady v. Maryland*, <u>supra</u>.

10. Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. See *United States v. Chittey*, 760 F. 2nd 425 (2nd Cir. 1985).

11. Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witnesses' ability to perceive, remember, communicate, or testify is impaired; and any evidence that a witness has ever used narcotics or other controlled substances,

or has ever been an alcoholic. *See United States v. Strifler*, 851 F. 2nd 1197 (9th Cir. 1988) and *Chavis v. North Carolina*, 637 F. 2nd 213, 224 (4th Cir. 1980).

    12. The name and last known address of each prospective government witness. See *United States v. Napue,* 834 F. 2nd 1311 (7th Cir. 1987).

    13. The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. *United States v. Cadet*, 727 F. 2nd 1453 (9th Cir. 1984).

    14. The name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity or participation in the crime charged. See *Jackson v. Wainright*, 390 F. 2nd 288 (5th Cir. 1968).

    15. The defendant requests disclosure of any statement that may be relevant to any possible defense or a contention that he may assert. *United States v. Bailleaux*, 685 F. 2nd 1105 (9th Cir. 1982).

    16. All material to which defendant is entitled pursuant to 18 *U.S.C.* Section 3500, including any tape recordings made by the government of any material witnesses. Defendant is also entitled to these tape recordings if they prove exculpatory pursuant to *Brady v. Maryland, supra*.

    17. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Mr.Tryals requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case.

    With respect to any informant or witness that the government intends to rely upon at trial, Mr.Tryals requests the disclosure of the following impeaching information. See *United States v. Brumell Alvarez,* 991 F. 2nd 1452 (9th Cir. 1992).

    1. Any and all records and information reviewing prior felony convictions, convictions for a crime involving false statements or dishonesty, any juvenile adjudications attributed to the informant, including, but not limited to, relevant rap sheets. See *United States v. Alvarez-Lopez*, 559 F. 2nd 1155 (9th Cir. 1977).

2. Any and all records and information revealing prior misconduct or bad acts attributed to any material witness, including, but not limited to, any acts of misconduct conducted by him or her. See *Federal Rule of Evidence* 608(B)(3).

3. Any and all consideration or promises of consideration given to the informant/material witness or expected or hoped for by him. By consideration, defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to him or to persons of concern to him. This request includes, but is not limited to, formal or informal or indirect and direct compensation, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, IRS, court of claims, administrative or other dispute in the United States.

Consideration also encompasses any favorable treatment or recommendations with respect to criminal, civil or tax immunity grants, relief from forfeiture, payments of money, permission to keep fruits of criminal activity, including cash, vehicles, aircraft, rewards or fees, witness fees and special witness fees, provisions of food, clothing, shelter, transportation, legal services or other benefits, placement in a witness protection program and anything else that arguably could reveal an interest, motive or bias in them in favor of the government or against the defense or which could act as inducement to testify or to color testimony. See *Bagley v. Lumpkin,* 719 F. 2nd at 1462.

4. Any and all threats, express or implied, direct or indirect or other coercion made or directed against any informant/material witness, criminal prosecutions, investigations, or potential prosecutions pending, or which could be brought against them, any probationary, parole, deferred prosecution or custodial status of the witness and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government over which the government has a real, apparent, or perceived influence. See *Davis v. Alaska,* 415 U.S. 308 (1974).

5. The existence and identification of each occasion on which any informant has testified
///

before the court, grand jury, or other tribunal or body in connection with this or other similar cases. See *United States v. Alvarez-Lopez*, 521 F. 2nd 556 (8th Cir. 1975).

6. Any and all records and information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or such information. This request includes any evidence tending to show the narcotic habits of any informant at the time of relevant events, and the informant's personal dislike of the defendant. See *Guam v. De la Rosa*, 438 F. 2nd 396.

7. The names and criminal numbers of any and all other criminal cases, state or federal, in which any informant has been involved, either as an informant or as defendant. Mr. Tryals is making these multiple requests because, in order to properly prepare a defense in this matter, it is important that the defense be aware of all information related to the informant's credibility and background. See *Giglio v. United States,* supra.

8. Request that all evidence be preserved. It is specifically requested that all evidence be preserved. It is specifically requested that in the event that the government does desire the destruction of evidence, that defense be informed in writing, that the defense have an opportunity to inspect the evidence, that the defense have the opportunity to object to the destruction of the evidence. It is the contention of the defense that in the event that the government fails to notify the defense of the destruction of the evidence, that said destruction will be in bad faith and if the government fails to give the defense an opportunity to seek a court order of the preservation of the evidence, that said destruction would be in bad faith.

## II. MOTION FOR PERMISSION TO FILE ADDITIONAL MOTIONS.

It is also requested that defendant have the opportunity to file additional Motions if issues are raised in discovery that merit such motions.

                                                                     Respectfully submitted,

                                                                      *s/Lynn H. Ball*

Date: February 4, 2008

                                                                      Lynn H. Ball
                                                                      Attorney for Michael Dwayne Tryals
                                                                      E-mail: lhball@sbcglobal.net