UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL DWAYNE TRYALS,<br><br>　　　　　　　　　　Defendant. | Criminal Case No. 08-cr-0256 (7) L<br><br>**ORDER DENYING MOTION FOR RELIEF FROM A JUDGMENT OR ORDER** |

On August 13, 2018, Petitioner, proceeding pro se, filed a Request for Relief from a Judgment or Order pursuant to Federal Rules of Civil Procedure 60(b).

I. **STANDARD**

Under Rule 60, a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed.R.Civ.P. 60(a). Grounds for relief include "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." In addition, "[a] motion under Rule 60(b) must be made within a reasonable time--and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1).

1

## II. DISCUSSION

Defendant argues that the Court must reduce his sentence because 1) his prior conviction for a violation of California Health and Safety Code § 11378 was not final and therefore could not be used to enhance his federal sentence, and 2) his prior conviction did not qualify as a felony drug conviction under the categorical approach articulated in *Descamps v. United States*, 570 U.S. 254, 257 (2013).

### A. Finality of State Court Conviction

Judgment was entered against Defendant on September 14, 2011 in the present case, but he did not file the current motion until August 7, 2018, well past the one-year filing period dictated by Rule 60(c). However, Defendant claims he has newly discovered evidence that restarts the one-year clock, specifically that on March 2, 2017, he discovered that his section 11378 state court conviction, upon which the federal court relied to enhance his sentence, was not final at the time of his sentencing. (Mot. at 9). Defendant contends that no abstract of judgment was issued, therefore the conviction was not final and it was error for this Court to enchance his sentence based on the prior conviction. (*Id*. at 8).

While Defendant is correct that the Superior Court stayed the execution of Defendant's sentence because it was "trailing the federal case," Defendant pled guilty and the state court rendered judgment on May 9, 1997, making the judgment final on that date. *Boykin v. Alabama,* 395 U.S. 238, 242 (1969) (A guilty plea is "itself a conviction; nothing remains but to give judgment and determine punishment.") Whether Defendant received notice of the finality of the judgment does not alter the fact that his prior conviction was final and could be used to enhance his sentence. The Court addressed this argument at length during Defendant's sentencing

proceedings, concluding that Defendant's guilty plea to felony possession of methamphetamine on May 9th, 1997 was a conviction for purposes of section 841(b)(1)(A), which became final on June 22, 1999, when his direct appeal was exhausted and the Court of Appeals issued a remittitur. (Rptr's Transcript of Sentencing Hearing at 19-20 [ECF NO 635.]) Defendant's motion is untimely and without merit, therefore, Defendant's motion is **DENIED** on these grounds.

B.     *Modified Categorical Approach*

Defendant next contends that this Court erred in relying upon his guilty plea when enhancing his sentence because the conviction was not a statutory match for the generic federal crime under *Descamps*, 570 U.S. at 257. (Mot. at 10). While he acknowledges that the plea agreement shows that Defendant pled guilty to section 11378, he contends that it did not describe which controlled substance he possessed, therefore it was impossible for the Court to determine whether the prior conviction matched the federal definition of a felony drug conviction. (*Id.*)

To determine whether Defendant's prior state conviction for possession of methamphetamine qualifies as a felony drug possession conviction for federal sentencing purposes, the Court applies the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). Under the categorical approach the Court compares "the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime i.e. the offense as generally understood." *Descamps,* 570 U.S. at 257. Where a prior conviction does not qualify as an aggravated felony under the categorical approach, and the offense is divisible, a Court applies the "modified categorical approach" which allows the Court to "look

beyond the statutory elements" to the charging papers and jury instructions to determine whether the prior conviction qualifies as an aggravated felony. *Id*. at 261. A statute is divisible if it contains "multiple, alternative elements of functionally separate crimes," and the jury must find each alternative element "unanimously and beyond a reasonable doubt." *Id*. at 264-65.

The text of California Health & Safety Code § 11378 provided in pertinent part:

> Except as otherwise provided in Article 7 (commencing with Section 4211) of Chapter 9 of Division 2 of the Business and Professions Code, every person who possesses for sale any controlled substance which is (1) classified in Schedule III, IV, or V and which is not a narcotic drug, except subdivision (g) of Section 11056, (2) specified in subdivision (d) of Section 11054, except paragraphs (13), (14), (15), (20), (21), (22), and (23) of subdivision (d), (3) specified in paragraph (11) of subdivision (c) of Section 11056, (4) specified in paragraph (2) or (3) of subdivision (f) of Section 11054, or (5) specified in subdivision (d), (e), or (f), except paragraph (3) of subdivision (e) and subparagraphs (A) and (B) of paragraph (2) of subdivision (f), of Section 11055, shall be punished by imprisonment in the state prison".

Cal. Health & Saf. Code §11378

The Ninth Circuit has previously held that § 11378 is a divisible statute, reasoning that § 11378 lists five alternative categories of controlled substances in the disjunctive and that under California law the type of controlled substance is a separate element of a drug offense. *United States v. Vega-Ortiz,* 822 F.3d 1031, 1035 (9th Cir. 2016). Therefore, this Court compares the elements of section 11378, including the charging documents, when comparing it to the federal generic offense.

Defendant was charged in the state court Complaint with possession of methamphetamine, to which he pled guilty on May 9, 1997. (Ex. #1). Although the Guilty Plea does not specifically state that the controlled substance was methamphetamine, it cites

4

*People v. West*[1], which, read in conjunction with the charging document, indicates that the controlled substance was methamphetamine. *See United States v. Valdovinos-Torres*, 704 F.3d 679, 684 (9th Cir 2012). Methamphetamine qualifies as a controlled substance under federal law. See 21 U.S.C. §§ 802(6), 812(a)(4), sched II. Comparing the federal generic crime to Defendant's section 11378 conviction shows that there is a match under the modified categorical approach, therefore the Court did not err when it enhanced Defendant's sentence based upon the prior felony drug conviction. Accordingly, the Court **DENIES** Defendant's motion on this ground.

B. **Conclusion**

For the foregoing reasons, the Court **DENIES** Defendant's motion under Rule 60.

**IT IS SO ORDERED.**

Dated: April 29, 2019

Hon. M. James Lorenz
United States District Judge

---

[1] A plea taken under *People v. West*, 3 Cal.3d 595 (Cal. S. Ct. 1970) indicates there is sufficient evidence to convict the defendant of the charged crime.