UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL DWAYNE TRYALS,<br><br>Defendant. | Case No.:  08-cr-0256-L (7)<br><br>**ORDER:**<br><br>**(1) CONSTRUING MOTION FOR RECONSIDERATION UNDER FRCP 59(e) AS RULE 60(b) MOTION [ECF NO. 851];**<br><br>**(2) GRANTING MOTIONS TO FILE ADDENDUM [ECF NOS. 854, 862, 863]; and**<br><br>**(3) GRANTING MOTION FOR EXTENSION OF TIME [ECF NO. 858.]** |

On June 11, 2019, Defendant, Michael Dwayne Tryals ("Defendant" or "Tryals"), filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e). [ECF NO. 851.] Following the issuance of a briefing schedule, Tryals filed a Motion to Amend Briefing Schedule [ECF NO. 854], a Motion for Extension of Time [ECF NO. 858], and a "Motion of 60(b)." [ECF NO. 862].

//

I.    *Procedural Background*

On August 9, 2017, this Court denied Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255. [ECF NO 832.] On August 13, 2018, Tryals filed a Motion for Relief pursuant to Federal Rules of Civil Procedure 60(b) in which he argued that he had newly discovered evidence which required this Court to reverse its denial of his Motion for Relief under 28 U.S.C. § 2255. [ECF NO. 844.] By Order dated May 6, 2019, this Court denied Tryals' Motion for Relief pursuant to FRCP Rule 60(b). [ECF NO. 862.]

On June 6, 2019, Tryals filed a Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and Motion to Amend pursuant to FRCP 15(a). (Motion [ECF NO 851.]) On July 29, 2019, this Court issued a briefing schedule ordering the Government to respond to the Rule 59(e) Motion no later than August 6, 2019, and allowing Defendant to file a Reply no later than September 9, 2019. [ECF NO. 852.] The Government has not filed a Response.

On October 4, 2019, Tryals filed a Motion for Relief Pursuant to Rule 60(b)(2), and a Motion of Addendum to Address Ninth Circuit New Precedent. [ECF NOS. 862, 863.] On October 21, 2019, Tryals filed a Motion Requesting Extension of Time to respond to this Court's scheduling order. [ECF NO. 858.] Tryals filed a Motion to Request to Amend Briefing Schedule on November 18, 2019. [ECF NO 854.]

II.    *Motion for Reconsideration under Rule 59(e)*

Tryals asks this Court to reconsider its denial of his Rule 60(b) motion, claiming that the Court made a manifest error by not correctly addressing his claims, specifically that the Court erred by finding that his prior California Health and Safety code § 11378 conviction was final on May 9, 1997, and that the Court did not properly analyze whether his prior conviction under California Health and Safety code § 11378 was a categorical match for a federal felony drug offense enhancement under *Lorenzo v. Sessions*, 902 F.3d 930 (9th Cir. 2018). (Mot. of Addendum at 6 [ECF NO. 863.]) Tryals argues this is newly discovered evidence which requires the Court resentence him without the enhancement for his prior conviction. (*Id*. at 8; Mot. Reconsideration at 11 [ECF NO. 851.])

2

A.  *Motion to File Addendums*

Tryals seeks permission of this Court to amend his pending reconsideration motion to submit a recently decided Ninth Circuit case, *Lorenzo v. Sessions*, which held that California Health and Safety Code §11378 can no longer be used to enhance federal sentences, as was done in his case. (Mot. at 23-24 [ECF NO. 863.]) He titles one request "Requesting a Motion of 60(b)" but within the document he requests permission to amend, or file an addendum, to his motion to reconsideration to address the timeliness of his motion, and the finality of his underlying conviction under §11378. (Mot. at 6-8 [ECF NO. 862.]). In light of the content, the Court construes the document as a Motion to Amend. *Erickson v. Pardus*, 551 U.S. 89, 97 (2007) ("A document filed pro se is 'to be liberally construed,'. . . and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.")(internal citations omitted).

The Court **GRANTS** Defendant's Motions and allows him to submit the additional precedent and argument in support of his current Rule 59(e) Motion for Reconsideration.

B.  *FRCP Rule 59(e) and Rule 60(b)*

Tryals captions his motion as a request for reconsideration under FRCP 59(e), claiming he is entitled to relief due to "newly discovered evidence" of intervening caselaw. Such a request may be considered under either Rule 59(e) or Rule 60(b). *See Jones v. Aero/Chem. Corp*, 921 F.2d 875, 878 (9th Cir. 1990)(Court applied test for Rule 60(b) based upon newly discovered evidence to Rule 59 motion, finding the same standard applies under Rule 59 or Rule 60(b)(2)). However, the purpose of Rule 59(e), is to allow a party to file a motion to "alter or amend a *judgment*," and must be filed no later than 28 days after the entry of the judgment. Fed.R.Civ.P. 59(e)(emphasis added). In contrast, a motion for reconsideration may be requested under Federal Rule of Civil Procedure 60(b) for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not

have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed.R.Civ.Pro. 60(b)(1)-(6).

Although Petitioner argues his claim should be considered because he has newly discovered evidence to support his reconsideration motion, the substance of his claim is that the *Lorenzo* case reflects a change in controlling caselaw which will require a reduction in his sentence. Changes in law which overrule settled precedent are more properly brought under the catch-all provision of 60(b)(6). *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009)(an "intervening change in law [that] overruled . . . otherwise settled legal precedent" satisfies one of the factors required to demonstrate "extraordinary circumstances" warranting relief under Rule 60(b)(6)) In contrast, a party may challenge a prior judgment based on newly discovered evidence if (1) the moving party can show the evidence constitutes "newly discovered evidence" which did not exists at the time of the earlier claim; (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co. v Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987). Changes in intervening caselaw do not generally constitute "newly discovered evidence" within this rubric, therefore, the Court construes Tryals' motion as one pursuant to Rule 60(b)(6).

Accordingly, the Court construes Tryals' Rule 59(e) motion as one brought pursuant to Rule 60(b). *Erickson*, 551 U.S. at 97 (2007). Under Rule 60(b)(6) a movant must show "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal citation removed). The five

factors considered by Courts in making this determination are: (1) whether an "intervening change in law ... overruled an otherwise settled legal precedent," *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009); (2) a "lack of diligence in pursuing review of the statute-of-limitations issue," *id*. at 1138-39; (3) "whether granting the motion to reconsider would 'undo the past, executed effects of the judgment,' thereby disturbing the parties' reliance interest in the finality of the case," *id*. at 1137; (4) "delay between the finality of the judgment and the motion for Rule 60(b)(6) relief," *id*. at 1138; (5) "the close relationship between the two cases at issue—the decision embodying the original judgment and the subsequent decision embodying the change in the law," *id*. (internal quotation marks omitted); and (6) "considerations of comity." *Id*. at 113.

      Tryals' cites *Lorenzo*, which held that a methamphetamine conviction under California Health & Safety Code § 11378 does not qualify as a controlled substance offense to support an order of removal. 902 F.3d at 932. The Court concluded that the definition of "methamphetamine" under § 11378 is broader than the definition under the Federal Controlled Substances Act ("CSA") because the California definition covers offenses that involve "methamphetamine, its salts, isomers, and salts of its isomers" which includes both "optical and geometrical . . . isomers," but the Federal CSA applies only to optical isomers, not geometrical isomers. *Id*. at 934. The Court further held that the methamphetamine element under § 11378 is not divisible, because "[d]ifferent types of methamphetamine . . . are alternative means of committing a single controlled substance offense, not alternative elements of distinct offenses." *Id*. at 939. As a result, the modified categorical approach does not apply. *Id*. at 939-40.

      It has been argued that geometric isomers of methamphetamine do not exist, and the issue is currently under review in the Ninth Circuit. *United States v. Rodriguez-Gamboa*, 946 F.3d 548, 553 (9th Cir. 2019)(remanding to district court to determine whether geometric isomers of methamphetamine exist). As a result, it is uncertain whether § 11378 is categorically overbroad due to its inclusion of geometric isomers of methamphetamine and the Court **GRANTS** Petitioner's requests to amend the previously

5

08-cr-0256-L (7)

issued briefing order to allow further time for the parties to fully brief the issue. [ECF NOS 854, 858].

III. *Conclusion and Order*

For the foregoing reasons, Defendant's Motion of Addendum is **GRANTED** [ECF NO. 862, 863]; Defendant's Motion for Reconsideration pursuant to Rule 59(e) is construed as one pursuant to Rule 60(b) [ECF NO. 851]; Defendant's Motions to Amend Briefing Schedule are **GRANTED** [ECF NOS 854, 858]; and the Court **ORDERS** the following:

Plaintiff shall file a Response no later than April 10, 2020. Defendant may file a Reply no later than May 1, 2020. The parties shall await further notice from the Court.

**IT IS SO ORDERED**.

Dated: March 19, 2020

_____
Hon. M. James Lorenz
United States District Judge